IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MAY 27 2009

**SHERMAN L. SHELTON, JR.,**

Petitioner,

v.  Civil Action No. **3:08cv270**

**DIRECTOR OF DEPARTMENT OF CORRECTIONS,**

Respondent.

## MEMORANDUM OPINION

Sherman L. Shelton, Jr. ("Petitioner"), proceeding *pro se*, filed this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. On April 17, 2009, Petitioner filed a motion to alter or amend the judgment pursuant to Rule 60(b).[1]

Petitioner challenges the Court's finding that Claim 1 was procedurally defaulted.[2] This Court found that Petitioner procedurally defaulted Claim 1 because the Supreme Court of Virginia, on habeas review, refused to consider the claims because they could have been, but were not, raised at trial or on appeal. *See Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974). Petitioner argues that his claim is not procedurally barred because counsel rendered ineffective assistance by failing to raise Claim 1 on appeal. The Supreme Court of Virginia rejected Petitioner's ineffective assistance of appellate counsel claim on state habeas review, explaining that:

---

[1] Petitioner's motion for an extension of time to file a Rule 60(b) motion will be GRANTED, to the extent that the instant motion is considered timely.

[2] Because Petitioner seeks to challenge a procedural ruling and "not the substance of the [Court]'s resolution of a claim on the merits," his Rule 60(b) motion does not run afoul of the bar against successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

> The record, including the trial transcript, demonstrates that petitioner acted pro se at trial and that this issue was not raised at trial. Petitioner does not allege how this issue could have been reached [by the Virginia Court of Appeals] through either the ends of justice or good cause exceptions to Rule 5A:18. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Shelton v. Director of the Dep't of Corr.*, No. 071688, at 3-4 (Va. Feb. 5, 2008). Plaintiff fails to demonstrate that the Supreme Court of Virginia thereby rendered a decision that was contrary to, or an unreasonable application of, clearly established federal law, or one based on an unreasonable factual determination. *See* 28 U.S.C. § 2254(d). Thus, the Court is precluded from finding that appellate counsel's ineffectiveness excuses Petitioner's procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Swisher v. True*, 325 F.3d 225, 231 (4th Cir. 2003). In light of the foregoing, Petitioner's motion for Rule 60(b) Relief will be DENIED.

Petitioner has appealed the Court's decision and seeks leave to proceed *in forma pauperis* on appeal. Petitioner has furnished the Court with an application to proceed *in forma pauperis*. Leave to proceed *in forma pauperis* on the basis of the application will be GRANTED solely for the purpose of this appeal and will not confer *in forma pauperis* status on Petitioner in any matter in the United States District Court.

An appropriate Order shall issue.

Date: 5-25-09
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge